**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LYNDA POWER,**

        **Plaintiff,**

**v.**                              **Case No: 6:21-cv-270-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

---

**MEMORANDUM OF DECISION[1]**

Lynda Power ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income filed on October 16, 2018, her alleged disability onset date. Doc. No. 1; R. 69. Claimant argues that the decision should be reversed because the Administrative Law Judge ("ALJ") (1) erroneously considered the prior administrative medical findings of the state agency medical consultants; (2) failed to consider the statement of Claimant's brother; (3) erroneously failed to include any limitations on exposure to extreme cold, extreme heat, and fumes and gases in the residual functional capacity ("RFC") assessment; (4) erroneously considered the opinion of her treating physician; and (5) erred in finding that her

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

activities of daily living supported the ALJ's finding that she was not disabled. Doc. No. 22 at 9-42. Because Claimant did not demonstrate reversible error by the ALJ, the final decision of the Commissioner is **AFFIRMED.**

## I.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence

that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.   ANALYSIS.

The ALJ found that Claimant had the following severe impairments: hypothyroidism with heart palpitations and anxiety. R. 71. Despite these impairments, the ALJ found that Claimant had the RFC

> to perform medium work as defined in 20 CFR 416.967(c) except no climbing of ladders, ropes or scaffolds, frequent climbing of ramps and stairs, and frequent balancing, stooping, kneeling, crouching, [and] crawling. The claimant would need to avoid all exposure to hazards (unprotected heights and moving machinery). The claimant can perform simple, routine, repetitive tasks in a low-stress work environment free of fast-paced production requirements with few, if any, work place changes, requiring only occasional decision-making. The claimant can have occasional interaction with supervisors, co-workers and the public.

R. 73.[2] On the basis of testimony from a vocational expert ("VE"), the ALJ found that Claimant could not perform her past relevant work as a receptionist but that she could perform other in the national economy, such as a laundry worker, marker, or hospital cleaner. R. 76-77. The ALJ thus found that Claimant was not disabled since the application date of October 16, 2018. R. 77.

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

Claimant first contends that the ALJ erroneously considered the prior administrative medical findings of the state agency medical consultants; her brother's statement; and the opinion of David Jones, M.D., her primary care physician. Doc. No. 22 at 10-11, 28-40. In 2017, the Social Security Administration revised its regulations regarding the consideration of medical evidence, with those revisions applicable to all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions redefined terms related to evidence; revised how the agency considers medical opinions and prior administrative medical findings; and revised rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.*; *see* 20 C.F.R. § 416.920c. The final rules became effective on March 27, 2017. 20 C.F.R. § 416.920c. Because Claimant applied for benefits after March 27, 2017 (R. 69), the new regulations apply in this case.

Under the new rules, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. § 416.920c(a). "The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record . . . ." *Swingle v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-365, 2020 WL 6708023, at *2 (M.D. Fla. Nov. 16, 2020) (citing 20 C.F.R. § 404.1520c(b)). The ALJ

must consider (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" in assessing an opinion's persuasiveness. 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency constitute the most important factors in any evaluation of a medical opinion, and the ALJ must explain the consideration of those two factors. *Id.* § 416.920c(b)(2). Thus, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(1)-(2); *see Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."). The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. § 416.920c(b)(2).

Here, the ALJ found that the state agency medical consultants' prior administrative medical findings that Claimant was limited to medium work with some postural and environmental limitations (R. 45-46, 59-61) were not fully persuasive (R. 75). The ALJ found that additional postural limitations but no environmental limitations on exposure to extreme cold and extreme heat were warranted on the basis of Claimant's hypothyroidism with palpations, abnormal TSH, free T4 and T3 levels, and limited physical examination findings. R. 75. Substantial evidence thus supports the findings of the ALJ, who considered the supportability and consistency of the state agency medical consultants' prior administrative findings according to 20 C.F.R. § 416.920c (R. 73, 75). *Cf. Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065-66 (11th Cir. 2021) (remanding because ALJ failed to conduct function-by-function assessment of claimant's physical abilities and found without explanation or citation to supporting evidence that objective evidence did not support finding an RFC less than the medium exertional level).

Claimant appears to argue that the ALJ erred by failing to include environmental limitations in the RFC assessment excluding her from extreme cold, extreme heat, and fumes and gases. Doc. No. 22 at 12-14. Notwithstanding this assertion, two of the occupations in the *Dictionary of Occupational Titles* ("DOT") identified by the VE available to an individual with the ALJ's assessed RFC (R. 35,

77) are not, however, exposed to atmospheric or other environmental conditions. *See* DOT 361.684-014, 1991 WL 672983 ("laundry worker I"); DOT 323.687-010, 1991 WL 672782 ("cleaner, hospital"). The ALJ's error, if any, in failing to include such environmental limitations in the RFC assessment thus would not change the ALJ's finding that Claimant could perform other work in the national economy.

Claimant also maintains that the ALJ "completely ignored" her brother's statement (R. 208-09). Doc. No. 22 at 11. As the Commissioner points out, however, the applicable regulations do not require the ALJ to articulate how she considered evidence from nonmedical sources. 20 C.F.R. § 416.920c(d); *see Wandoff ex rel. M.L.M. v. Kijakazi*, No. 5:20-CV-103, 2022 WL 1259873, at *6 (S.D. Ga. Feb. 16, 2022). "Even if the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, however, [the Court] will not find error if the credibility determination was implicit in the rejection of the claimant's testimony." *Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1254-55 (11th Cir.1983) (per curiam)). Further, an ALJ is not required to "specifically refer to every piece of evidence in [her] decision" so long as the decision is not a broad rejection "which is not enough to enable [a reviewing court] to conclude that the ALJ consider [the claimant's] medical condition as a whole." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014) (alterations in original) (quoting *Dyer v. Barnhart*, 395 F.3d 1206,

1211 (11th Cir. 2005) (per curiam)). The Court finds that the ALJ's decision was not a broad rejection and is sufficient to enable it to conclude that the ALJ considered Claimant's medical condition as a whole. Thus, Claimant's argument on this point is unavailing.

Claimant further contends that the ALJ erred in considering the opinion of Dr. Jones, her primary care physician. Doc No. 22 at 36-40. Dr. Jones opined in March 2020 that Claimant could not maintain a regular, full-time work schedule as she could potentially become seriously ill, that she would likely be absent from work three or more times per month, and that she would need to take unscheduled breaks three or more times per day. R. 76, 445. The ALJ did not find Dr. Jones' opinion to be persuasive because it was inconsistent with the doctor's physical examination findings and treatment notes, which did not suggest that Claimant would be off task or absent from work three or more times per month. R. 76. The AL also found Dr. Jones's opinion to be a conclusory statement that did not specify any exertional or non-exertional limitations. R. 76.

Substantial evidence supports the ALJ's reasons for finding Dr. Jones's opinion not persuasive, which were consistent with 20 C.F.R. § 416.920c. Moreover, statements that a claimant is disabled or not able to perform regular or continuing work "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 416.920b(c). The ALJ was thus not

required to provide any analysis of Dr. Jones's statement that Claimant was unable to work. *See id.* Further, an observation that a claimant's "'symptoms will significantly and consistently interfere with work performance and attendance,' [is] simply [another way] of stating that [a claimant] is disabled or not able 'to perform regular and continuing work.' But that is for the ALJ to decide." *Dye v. Comm'r of Soc. Sec.*, No. 5:20-CV-459-NPM, 2022 WL 970186, at *5 (M.D. Fla. Mar. 31, 2022) (citations omitted). The ALJ thus appropriately evaluated Dr. Jones's opinion.

Last, Claimant contends that the ALJ erred in considering her performance of "light housework" to support an RFC assessment that she could perform a limited range of medium work. Doc. No. 22 at 18-19, 20. The ALJ found, however, that Claimant's ability to perform light housework was "not wholly consistent with the assertion that she cannot work." R. 74. The ALJ thus "cited [Claimant's] daily activities for purposes of the credibility determination and not as examples of the functions [Claimant] could perform for an entire day." *Ladda v. Berryhill*, 749 F. App'x 166, 173 n.4 (4th Cir. 2018). Claimant's argument to the contrary is thus without merit.

In short, Claimant essentially requests the Court to decide the facts anew, make credibility determinations, and reweigh the evidence, which the Court may not do. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

Because substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case, the Court affirms the Commissioner's final decision.

## III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **AFFIRMED**; and

2.      The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 7, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Lynda Power
298 Breakwater St., S.E.
Palm Bay, FL 32909

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Brian Seinberg, Acting Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief

Sarah Choi, Assistant Regional Counsel
Nadine Elder
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Laura Bernasconi
Administrative Law Judge
Office of Hearings Operations
Dulaney 1, Suite 450
849 Fairmount Avenue
Baltimore, MD 21204-2624